UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Elizabeth Yvette Green, | No. 13-cv-332 (SRN/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Carl Lee Green, | |
| Respondent, | |
| Washington County, | |
| Intervenor. | |

This matter came before the undersigned United States Magistrate Judge upon the Intervenor's Motion to Remand to State Court. [Docket No. 2]. The motion was referred to the Magistrate Judge by Hon. Susan Richard Nelson for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. (Order Referring Motion [Docket No. 9]). The Court held a hearing on the motions on April 24, 2013. For reasons outlined below, the Court recommends that Intervenor's Motion to Remand to State Court, [Docket No. 2], be **GRANTED in part**.

I.  **Background**

This case arises from the dissolution of the marriage of Elizabeth Yvette Green (Petitioner) and Carl Lee Green (Respondent) (collectively "the Greens"). The Greens divorced in 2003. Subsequently, in 2006, Petitioner applied to Washington County Community Services for child support establishment and enforcement, and Washington County (Intervenor)

1

intervened in the divorce action by bringing a Motion for Establishment of Child Support. The dispute over child support has been ongoing ever since.

On February 7, 2013, Respondent (acting pro se) filed a Notice of Removal. [Docket No. 1]. Respondent alleges that his rights to equal protection and due process have been violated, and asks this Court to enjoin any further enforcement of child support orders. (Id.).[1] Pending before this Court is Intervenor's Motion to Remand to State Court. [Docket No. 2].

## II.     Intervenor's Motion to Remand to State Court [Docket No. 2]

### A. Facts

Washington County District Court dissolved the marriage of Petitioner to Respondent on December 10, 2013. (Aff. Shuttleworth [Docket No. 4], Ex. 1, at 4-18). At the time, the couple had two (2) minor children, ages twelve (12) and eight (8). (Id. at 6). Petitioner was awarded sole legal and sole physical custody over both children; however, the Judgment and Decree did not specify a child support obligation. (Id. at 10-11). Subsequently, Petitioner applied to Washington County Community Services for child support establishment and enforcement services, and Washington County intervened in the state court by bringing a Motion for Establishment of Child Support. (Id. Ex. 2, at 18-27). The moving papers were served upon Respondent by U.S. Mail on November 22, 2006. (Id. Ex. 3, at 28). A hearing was held on December 13, 2006, and on January 4, 2007, the state Child Support Magistrate ordered Respondent to pay child support of $485.00 per month, beginning on November 1, 2006. (Id. Ex. 4, at 29-32).

---

[1] Respondent brings substantially the same claims in Green v. Green, No. 13-cv-490 (SRN/LIB) ([hereinafter Green II], in his complaint dated February 18, 2013, and filed on March 1, 2013. (Green II, Compl. [Docket No. 1]). Petitioner and Intervenor are named as defendants. (Id.).

2

More than three years later, Intervenor sought an order to show cause and a contempt order, (Id. Ex. 6, at 38-41), which were personally served on Respondent on July 23, 2009. (Id. Ex. 7, at 42). Intervenor alleged in an affidavit that Respondent had failed to make any child support payments, and was in arrears totaling $15,568.22 as of April 30, 2009. (Id. Ex. 5, at 33-37). On October 23, 2009, pursuant to an evidentiary hearing, the Washington County District Court[2] found Respondent in contempt of court, and ordered Respondent both to make monthly child support payments and to make monthly payments toward the arrearage. (Id. Ex. 8, at 43-53).

On November 16, 2012, Washington County District Court held a review hearing, during which Respondent objected to Intervenor's arrearage calculation, and at Respondent's request the review hearing was reset for December 14, 2012. (Id. at 2, ¶ 12). Respondent failed to appear at the December 14, 2012, review hearing, and the Washington County District Court issued a Writ of Attachment for his arrest setting bail at $2,000.00 cash or $20,000.00 bond. (Id. at 2, ¶ 13). On or about January 31, 2013, Respondent was taken into custody and transported to the Washington County Jail. (Id. at 3, ¶ 14).[3] Respondent was arraigned on February 1, 2013, and bail was continued at $2,000.00 cash or $20,000.00 bond. (Id. at 3, ¶¶ 14-15). On February 5, 2013, the Washington County District Court[4] held a hearing and reduced cash bail to $1,300.00, which Respondent subsequently paid. (Id. at 3, ¶¶ 16-17).

Respondent filed his Notice of Removal, [Docket No. 1], on February 7, 2013. To date, Intervenor has not been served with the Notice of Removal. (Aff. Shuttleworth [Docket No. 4], at 3, ¶ 18).

---

[2] Hon. Richard C. Ilkka presiding.
[3] Although Respondent has made some payments, as of January 31, 2013, his accumulated child support arrears totaled $21,056.87. (Id. Ex. 9, at 54-57).
[4] Hon. Tad Jude presiding.

3

### B. Standard of Review

Unless Congress has specified otherwise, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court." Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "Congress has long since decided that federal defenses do not provide a basis for removal." Caterpillar, 482 U.S. at 399. A defendant wishing to remove a state court case to federal court must do so within thirty (30) days after the defendant is served either with a copy of the initial state court pleadings or with a state court summons. 28 U.S.C. § 1446(b)(1); Ackerman v. PNC Bank, N.A., No. 12-cv-42 (SRN/JSM), 2012 U.S. Dist. LEXIS 113207, at *3-4 (D. Minn. Aug. 13, 2012) (Nelson, J.).

A party objecting to removal may, within thirty (30) days after the notice of removal was filed, bring a motion to remand to state court. 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 U.S.C. § 1447(c) (emphasis added). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court has "considerable discretion" in determining whether to make such an award. Wells Fargo Bank West, N.A. v. Burns, 100 Fed. Appx. 599, 599 (8th Cir. unpub. 2004); Bank of Elk River v. Hinote, No. 11-cv-1872 (SRN/TNL), 2011 U.S. Dist. LEXIS 136421, at *6 (D. Minn. Nov. 28, 2011) (Nelson, J.) (quoting Burns).

"Removal statutes are strictly construed, with any questions about the propriety of removal resolved in favor of state court jurisdiction." Percic Enters., Inc. v. European Autoworks, Inc., No. 9-cv-3629 (MJD/SRN), 2010 U.S. Dist. LEXIS 52308, at * 4 (D. Minn. May 6, 2010) (Nelson, M.J.) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997)), adopted by 2010 U.S. Dist. LEXIS 52352 (D. Minn. May 27, 2010) (Davis, C.J.). There is a presumption against federal jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

C. Discussion

1. Removal and Remand

Intervenor Washington County offers two arguments in favor of remand: first, that Respondent did not timely file his notice of removal, and second, that even if removal was timely it was improper because there is no federal jurisdiction over the underlying matter. (Mem. Supp. Mot. Remand [Docket No. 3], at 5-8). Respondent does not argue the issue of removal and remand, but rather restates the asserted merits of his state court arguments in his Notice of Removal, [Docket No. 1],[5] to wit, that Washington County has violated his rights to equal protection and due process in the state court proceeding. (Mem. Opp. Mot. Remand [Docket No. 7]). Additionally, Respondent argues that his child support obligation expired in March 2013, when the younger of the two children reached the age of eighteen. (Id. at 3-4).

First, Intervenor is correct that Respondent's removal was untimely. The removal statute provides that in order to timely remove, Respondent was required to give notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Assuming that Respondent challenges the initial determination of a

---
[5] These arguments are also substantially the same claims Respondent has asserted in Green II. See fn.1, supra.

child support obligation, then his notice of removal would have been due no later than December 22, 2006, which was thirty (30) days after he was served by U.S. Mail with Invervenor's Motion for Establishment of Child Support. (See Aff. Shuttleworth [Docket No. 4], Ex. 3, at 28). Assuming, in the alternative, that Respondent challenges the terms of the contempt order, then his notice of removal would have been due no later than November 22, 2009, which was thirty (30) days after the Washington County District Court entered its contempt order. (Id., Ex. 8, at 43-53). Respondent filed his Notice of Removal, [Docket No. 1], on February 7, 2013. Remand is proper where Respondent failed to timely file his notice of removal. Bank of Elk River, 2011 U.S. Dist. LEXIS 136421, at *7.[6]

Second, even if Respondent's notice of removal was considered timely filed, removal was improper because there is no federal jurisdiction over the underlying matter. Respondent does not allege that this action involves citizens of different states; therefore, the only basis for federal jurisdiction would be if the underlying action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, the suit that Respondent sought to remove is a family court child support matter arising purely from Minnesota state law. See, e.g., Minn. Stat. § 256.87 (authorizing Motion for Establishment of Child Support); Minn. Stat. § 518A.72 (authorizing contempt proceedings for nonpayment of child support); see also Arkenbrandt v. Richards, 504 U.S. 689, 703 (1992) ("the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States"). "This well-established principle requires this case to be in state court because it

---

[6] In his Memorandum, Respondent makes reference to "the Renewal of the Contempt of Court Order and other enforcement actions within the last 30 days." (Mem. Opp. Mot. Remand [Docket No. 7], at 1). The Court acknowledges that Respondent is acting pro se, and that "the pleadings of pro se parties '[are] to be liberally construed'" and "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Allen v. Minneapolis Pub. Schs, No. 12-cv-666 (SRN/AJB), 2012 U.S. Dist. LEXIS 170404, at *5 (D. Minn. Nov. 30, 2012) (Nelson, J.) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). However, even reading Respondent's Notice of Removal liberally as a challenge either to the November 16, 2012, review hearing, or to the December 14, 2012, Writ of Attachment, Respondent still failed to file his Notice of Removal with thirty (30) days.

does not arise under the Constitution, laws, or treaties of the United States. Therefore, the case does not fall within this Court's original jurisdiction and cannot properly be removed." Peck v. Kinley, No. 09-cv-2355 (ADM/JSM), 2009 U.S. Dist. LEXIS 104300, at *4-5 (D. Minn. Nov. 2, 2009) (Montgomery, J.).

Although Respondent generally raises equal protection and due process arguments related to the state child support proceedings in his Notice of Removal, [Docket No. 1], in the context of the underlying lawsuit these arguments are defenses, and "Congress has long since decided that federal defenses do not provide a basis for removal." Caterpillar, 482 U.S. at 399; Peck, 2009 U.S. Dist. LEXIS 104300, at *5 ("a purported 'federal defense' does not convert the matter into one over which this Court has original jurisdiction" (quoting Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998))).

Because Respondent's removal was improper, both as untimely and for lack of federal jurisdiction, Intervenor's Motion to Remand [Docket No. 2], should be GRANTED.

**2. Attorneys' fees**

Finally, Intervenor Washington County asks that this Court award attorneys' fees, noting that Respondent "is familiar with the contempt process" from his state court proceedings, and alleging that Respondent filed his Notice of Removal "as an attempt to delay and thwart the enforcement efforts" of the state courts. (Mem. Supp. Mot. Remand [Docket No. 3], at 8-9). Intervenor argues that it should be entitled to recover costs, including attorney fees, associated with drafting the present Motion and accompanying court filings, and costs associated with travel to and from Duluth for the hearing on the present Motion. (Id. at 9).

The Court has "considerable discretion" in determining whether to make an award of costs when remanding an improperly removed case. See Burns, 100 Fed. Appx. at 599; Bank of

7

Elk River, 2011 U.S. Dist. LEXIS 136421, at *6. "In making this determination, the Court may consider 'whether the removal was frivolous or was reasonably undertaken in good faith and with some colorable basis.'" Bank of Elk River, 2011 U.S. Dist. LEXIS 136421, at *6 (quoting Dubin v. Principal Fin. Group, 2001 U.S. Dist. LEXIS 6274, at *7 n.5 (E.D. Pa. May 15, 2001)). Because Respondent is a pro se party, the Court assumes that he was unaware that the federal due process and equal protection arguments that he articulates in his Notice of Removal, [Docket No. 1], are in this case *defenses*, and, as such, are not grounds for removal even if they do arise from federal law. Therefore, the Court at this time recommends denying Intervenor Washington County's request for an award of attorneys' fees and costs.

III.   **CONCLUSION**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Intervenor's Motion to Remand to State Court, [Docket No. 2], be **GRANTED in part**, as described more fully above.

Dated: May 29, 2013                                s/Leo I. Brisbois
                                                   LEO I. BRISBOIS
                                                   United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by June 12, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the

objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.