**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Elizabeth Yvette Green, | Case No. 13-cv-332 (SRN/LIB) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| | **AND ORDER** |
| Carl Lee Green, | |
| Respondent, | |
| Washington County, | |
| Intervenor. | |

Elizabeth Yvette Green, Cannon Falls, Minnesota 55009, *pro se* Petitioner.

Carl Lee Green, Duluth, Minnesota 55803, *pro se* Respondent.

Susan Steffen Tice and Maura J. Shuttleworth, Washington County Attorney's Office, 15015 62nd Street North, P.O. Box 6, Stillwater, Minnesota, 55002, for Intervenor.

SUSAN RICHARD NELSON, United States District Judge

I.      INTRODUCTION

        This matter is before the Court for consideration of Respondent's Objections [Doc. No. 19] to United States Magistrate Judge Leo I. Brisbois' May 29, 2013, Report and Recommendation ("R&R") [Doc. No. 18].  The Magistrate Judge recommended that Intervenor's Motion to Remand [Doc. No. 2] be granted in part because Respondent's removal to federal court was improper.  The Magistrate Judge also recommended that

1

Intervenor's request for attorneys' fees and costs be denied.  For the reasons set forth below, Respondent's Objections are overruled and the Court adopts the R&R.

## II.    BACKGROUND

As the Magistrate Judge's R&R documents the factual and procedural background of this case, the Court incorporates it by reference.  This case arises from the dissolution of marriage between Petitioner Elizabeth Yvette Green and Respondent Carl Lee Green, who divorced in 2003.  In 2006, Petitioner applied to Washington County Community Services for child support establishment and enforcement.  Intervenor Washington County intervened in the divorce action by bringing a Motion for Establishment of Child Support.  On January 4, 2007, the state Child Support Magistrate ordered Respondent to pay child support of $485 per month, beginning on November 1, 2006.

More than three years later, Intervenor sought an order to show cause and a contempt order, which were personally served on Respondent on July 23, 2009.  Intervenor alleged that Respondent had not made any child support payments, and as of April 30, 2009, was in arrears of $15,568.22.  On October 23, 2009, the Washington County District Court found Respondent in contempt of court, ordering Respondent to make monthly child support payments and monthly payments toward the arrearage.

On November 16, 2012, the Washington County District Court held a review hearing, during which Respondent objected to Intervenor's arrearage calculation.  At Respondent's request, the review hearing was reset for December 14, 2012.  Respondent did not appear for the rescheduled hearing, and the Washington County District Court issued a Writ of Attachment for his arrest setting bail at $2000 cash or $20,000 bond.  In January

2013, Respondent was taken into custody and transported to the Washington County Jail. On February 1, 2013, Respondent was arraigned. On February 5, 2013, the Washington County District Court held a hearing and reduced the cash bail to $1,300, which Respondent paid.

On February 7, 2013, Respondent filed his Notice of Removal, alleging federal jurisdiction under the Equal Protection Clause and asserting denial of due process. (Notice of Removal of Contempt of Court Order under Federal Law for Equal Protection [Doc. No. 1].) On March 8, 2013, Intervenor moved to remand the case to state court. (Mot. to Remand [Doc. No. 2].) Intervenor also sought attorneys' fees and costs incurred in bringing the motion to remand. (Id.) On May 29, 2013, the Magistrate Judge recommended that this Court (1) grant Intervenor's Motion to Remand because Respondent's removal was improper, and (2) deny Intervenor's request for an award of attorneys' fees and costs. (Report and Recommendation [Doc. No. 18].) On June 7, 2013, Respondent objected to the R&R, (1) arguing that the Magistrate Judge did not consider 28 U.S.C. § 1443 as a basis for removal, and (2) stating Respondent served a Notice of Removal on Washington County. (Objections to Report and Recommendation [Doc. No. 19].)

## III. DISCUSSION

### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D.Minn. LR 72.2(b)(1). The district court will review de novo those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3);

D.Minn. LR 72.2(b)(3).  Ordinarily, the district judge relies on the record of proceedings

before the magistrate judge.  D.Minn. LR 72.2(b)(3).

     28 U.S.C. § 1441(a) provides that unless Congress has specified otherwise, "any

civil action brought in a State court of which the district courts of the United States have

original jurisdiction, may be removed by the defendant or the defendants, to the district

court of the United States for the district and division embracing the place where such

action is pending."  A defendant may remove "[o]nly state-court actions that originally

could have been filed in federal court."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392

(1987).  A defendant seeking to remove must include a short and plain statement of the

grounds for removal, and include a copy of all process, pleadings, and orders served on

the defendant in the notice of removal.  28 U.S.C. § 1446(a).  A defendant must file the

notice of removal within thirty days after receipt of the initial pleading, "through service

or otherwise."  Id.  § 1446(b).  After filing the notice of removal with a federal court, a

defendant must "give written notice thereof to all adverse parties" and file a copy of the

notice with the clerk of the state court from which the action was removed—thus ending

the state court proceedings until the case is remanded.  See id.  § 1446(d).

     If a party moves for remand within thirty days after the filing of the notice of

removal, the Court can remand a matter to state court on the basis of any defect other

than lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).  "An order remanding the

case may require payment of just costs and any actual expenses, including attorney fees,

incurred as a result of the removal."  Id.  The Court has "considerable discretion" in

4

determining whether to make such an award.  <u>Bank of Elk River v. Hinote</u>, No. 11-cv-1872 (SRN/TNL), 2011 U.S. Dist. LEXIS 136421, at *6 (D. Minn. Nov. 28, 2011).

## B. Objections

### 1. 28 U.S.C. § 1443

Respondent represents that a "28 U.S.C. 1443 argument was made before the Court as a basis for removal which the magistrate did not address in his report and recommendation."  (Objections to Report and Recommendation at 1 [Doc. No. 19].)

Under 28 U.S.C. § 1443,[1] Respondent must show that he relies upon a law providing for equal civil rights stated in terms of racial equality, and that he is denied or cannot enforce that right in state court.  <u>See</u> 28 U.S.C. § 1443(1); <u>Georgia v. Rachel</u>, 384 U.S. 780, 800 (1966) ("Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts.  A state statute authorizing the denial affords

---

[1] 28 U.S.C. § 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

an ample basis for such a prediction.")  Removal might also be justified, even in the

absence of a discriminatory state enactment, if an "equivalent basis could be shown for

an equally firm prediction that the defendant would be 'denied or cannot enforce' the

specified federal rights in the state court."  <u>Georgia</u>, 384 U.S. at 804.

Respondent has not met the stringent requirements of 28 U.S.C. § 1443.  In his

Notice of Removal, Respondent generally raises equal protection and due process

arguments related to the child support proceedings in state court.  (Notice of Removal

[Doc. No. 1].)  And in his objections, Respondent states his rights, for example, to be free

"from racial discrimination," "to enforce contracts with the same freedom as enjoyed by

similarly white citizens," and to have "due process of law and equal protection of the

laws."  (Objections to Report and Recommendation at 2 [Doc. No. 19].)  But nowhere

does Respondent show, as necessary under § 1443, that a state law prevents him from

raising any federal claims in state court.  Nor does he show the basis for an "equally firm

prediction" that he cannot protect any federal rights in state court.  The Court is confident

that Washington County District Court will consider Respondent's constitutional

arguments about equal protection and due process carefully.  Should any meritorious

arguments not be addressed by the state court, various remedies in federal court are

available to Respondent.  <u>See</u> <u>Greenwood v. Peacock</u>, 384 U.S. 808, 829-30 (1966).

### 2.  Proof of Service

In the fact section of the R&R, the Magistrate Judge stated that Respondent filed

his Notice of Removal on February 7, 2013, and "[t]o date, Intervenor has not been

served with the Notice of Removal."  (Report and Recommendation at 3 [Doc. No. 18].)

Respondent objects that he served the Notice of Removal on Washington County, and he directs the Court to "[s]ee copy of proof of Notice of Remand by certified mail signed for and served on Washington County." (Objections to Report and Recommendation at 3 [Doc. No. 19].)

The Court reviewed the record and did not locate the "copy of proof . . . by certified mail." To the contrary, the record contains the affidavit of Maura J. Shuttleworth, counsel for Washington County, which states that as of March 7, 2013,

> Respondent has not served the Notice of Removal on the County. At the February 12, 2013, hearing[,] Respondent handed me a copy of a printout from the electronic case filing system showing a Notice of Removal had been filed with the Federal Court. However, he did not serve me with the actual Notice of Removal document.

(Aff. of Maura J. Shuttleworth ¶ 18 [Doc. No. 4].) Respondent's self-serving statement, without further support in the record, is insufficient reason for the Court to find error with the R&R's facts.

### C. Remainder of the R&R

Respondent does not object to the remainder of the R&R. After conducting a *de novo* review, the Court concludes that the Magistrate Judge properly recommended that Intervenor's Motion to Remand be granted because: (1) Respondent's removal was untimely; (2) there is no federal jurisdiction over the underlying family court child support matter; and (3) any constitutional arguments about equal protection and due process are defenses that do not provide a basis for removal. (Report and Recommendation at 5-7 [Doc. No. 18].) The Court also agrees with the Magistrate Judge's recommendation to deny Intervenor an award of attorneys' fees and costs, giving

the Respondent the benefit of the doubt that as a *pro se* litigant, he did not know that his due process and equal protection arguments are not grounds for removal.  (Id. at 8.)

## IV.   ORDER

The Court therefore **OVERRULES** Respondent's Objections [Doc. No. 19] and **ADOPTS** the Magistrate Judge's May 29, 2013, Report and Recommendation [Doc. No. 18], which recommended that the Court grant Intervenor's Motion to Remand and deny Intervenor's request for an award of attorneys' fees and costs.  Accordingly, **IT IS HEREBY ORDERED** that:

1.   Intervenor's Motion to Remand [Doc. No. 2] is **GRANTED IN PART**.

2.   This case is hereby remanded to the Washington County District Court.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:        October 3, 2013                     s/ Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States District Court Judge